UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────────┐
│ USDC SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC #:_____               │
│ DATE FILED:  02/21/2020              │
└─────────────────────────────────────┘
```

-------------------------------------------------------------- X

ANTONIO GUZMAN OROPEZA, individually
and on behalf of others similarly
situated,

                              Plaintiffs,

                 -against-

CAMPANIA FELIX LLC (D/B/A SAN
MATTEO PIZZERIA E CUCINA), FABIO
CASELLA, and RAFAEL DOE,

                              Defendants.
-------------------------------------------------------------- X

19-CV-4430 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

WHEREAS counsel for the parties submitted a proposed settlement agreement, Dkt. 24-1, for the Court's approval pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015);

WHEREAS the proposed settlement provides for a total recovery of $22,500, with 35% of the recovery ($7,879.33) awarded to Plaintiff's counsel for fees and costs, Dkts. 24-1 at 1–2;

WHEREAS Plaintiffs' counsel's requested fee is approximately 2.5 times counsel's lodestar amount, once Mr. Michael Faillace's billing rate ($450 per hour) is reduced to a more appropriate rate ($400) and once the hours billed for drafting the complaint (1.5 hours of attorney time and 6 hours of paralegal time) are reduced to a more appropriate 1.5 hours of attorney time and 1 hour of paralegal time, *see* Dkt. 24-3 at 1;

WHEREAS the proposed settlement agreement contains a release of Plaintiff's claims that is overbroad, including as to all claims for breach of contract, fraudulent inducement, and benefits including under ERISA, none of which is related to the wage-and-hour allegations raised in this case, *see* Dkt. 24-1 at 3; and

WHEREAS the proposed agreement contains a non-disparagement provision that forbid the parties from "speaking disparagingly, derogatorily or in a defamatory manner about Defendants," and a non-solicitation provision that forbids Plaintiff from "directly solicit[ing] any employee of Defendants for lawsuits against Defendants," *see* Dkt. 24-1 at 5;

IT IS HEREBY ORDERED that the proposed settlement agreement is not approved as fair and reasonable at this time because of the inclusion of overbroad release and non-disparagement provisions.  *See Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 180 (S.D.N.Y. 2015) (explaining conflict between confidentiality provisions with Congress's intent to advance awareness and implementation of the FLSA in workplaces); *Flores-Mendieta v. Bitefood Ltd.*, No. 15-CV-4997, 2016 WL 1626630, at *2 (S.D.N.Y. Apr. 21, 2016) ("A FLSA settlement cannot offer the defendant a sweeping release from liability that would 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" (quoting *Cheeks*, 796 F.3d at 206)); *Santos v. EL Tepeyac Butcher Shop Inc.*, No. 15-CV-814, 2015 WL 9077172, at *1 (S.D.N.Y. Dec. 15, 2015) (rejecting mutual non-disparagement clause); *see also Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 229 (S.D.N.Y. 2016) (disapproving of general release despite it being mutual).  First, the scope of the release provision is ambiguous and appears overbroad.  While the proposed agreement states that the release extends only to claims "relating specifically to the claims in the Litigation," it also includes a non-exhaustive list of contract, fraud, ERISA, and other such claims that are unrelated to the wage-and-hour claims raised in the Complaint.  *See* Dkt. 24-1 at 3.  Second, the non-disparagement and non-solicitation provisions do not contain an exception for Plaintiff to make truthful statements about the case and his experience litigating this case.  *See Lopez*, 96 F. Supp. 3d at 180 n.65 (explaining that non-

2

disparagement provisions "must include a carve-out for truthful statements about plaintiffs' experience litigating their case").  The Court otherwise finds the remainder of the agreement to be fair and reasonable; while Plaintiff's counsel's billing is somewhat inflated, the lodestar multiplier remains reasonable after the billing is adjusted to a more reasonable figure.

IT IS FURTHER ORDERED that the Court would approve a revised settlement agreement that is consistent with this Order.  Namely, the Court would approve the proposed settlement if it were revised to permit Plaintiff to make truthful statements and to contain a release only of the wage-and-hour claims raised in the Complaint.

IT IS FURTHER ORDERED that any revised settlement agreement must be filed by **March 6, 2020**.

IT IS FURTHER ORDERED that the status conference currently scheduled for February 28, 2020, is adjourned to **March 13, 2020, at 10:00 A.M.**

**SO ORDERED.**

**Date:  February 21, 2020**
**New York, New York**

**VALERIE CAPRONI**
**United States District Judge**

3