UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/05/2020

ANTONIO GUZMAN OROPEZA, *individually and on behalf of others similarly situated*,

           *Plaintiff*,

-against-

CAMPANIA FELIZ LLC (D/B/A SAN MATTEO PIZZERIA E CUCINA), FABIO CASELLA, and RAFAEL DOE,

           *Defendants*.

Index No. 1:19-cv-04430-VEC

**STIPULATION TO AMEND SETTLEMENT AGREEMENT AND RELEASE**

IT IS HEREBY STIPULATED AND AGREED, by and between the parties in the above captioned action, that the settlement agreement submitted to the Court on February 21, 2020 is revised to be read as follows, with changes per the Court's Order of February 21, 2020:

    This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiff Antonio Guzman Oropeza ("Plaintiff Guzman") on the one hand, Campania Feliz LLC (d/b/a San Matteo Pizzeria E Cucina) ("Defendant Corporation") and Fabio Casella, and Rafael Doe ("Individual Defendants) (collectively, "Defendants"), on the other hand.

    WHEREAS, Plaintiff Guzman alleges that he worked for Defendants as an employee; and

    WHEREAS, a dispute has arisen regarding Plaintiff Guzman's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York District of New York, Civil Action No: 1:19-cv-04430-VEC (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

    WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

    WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

    NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

    1.    <u>Payment</u>: Within thirty (30) days of execution of this Agreement, and approval by

the Court of the Agreement, Defendants shall deliver checks in the total amount of Twenty Two Thousand Five-Hundred Dollars and No Cents ($22,500.00), without any deductions or withholdings, payable to Michael Faillace & Associates, P.C., as attorneys. The checks should be divided as follows:

    a.    One check in the amount of Fourteen Thousand Six Hundred Twenty Dollars and Sixty-Seven Cents ($14,620.67) made payable to "Antonio Guzman Oropeza";

    b.    One check in the amount of Seven Thousand Eight Hundred and Seventy-Nine Dollars and Thirty-Three Cents ($7,879.33) made payable to " Michael Faillace & Associates, P.C", as Attorney for Plaintiff Guzman.

c. Plaintiff Guzman explicitly agrees to be solely responsible for, and legally bound to make payment of any taxes which are determined to be owed by any taxing authority as a result of any payment that he receives from Defendants. In the event a claim for such taxes, and/or penalties and interest owed by Plaintiff Guzman, is asserted by any taxing authority against any Defendant, Plaintiff Guzman agrees to, and does hereby indemnify and hold the Company harmless against any and all tax liability due.

    d.    Except as specifically provided in this Agreement, Plaintiff Guzman agrees that he is not entitled to any other payments, including without limitation, for salary, benefits, wages, overtime pay, bonuses, allowances, compensatory time, severance pay, notice pay, vacation or holidays, accrued leave, paid leave, or any other form or kind of payment or compensation from the Defendants for any work he performed for Defendants.

As a MATERIAL TERM OF THIS AGREEMENT Concurrently with the execution of this Agreement, Defendants shall deliver payment in the form of certified checks to Defendants' Counsel Marzano Lawyers PLLC to be held until Court approval of the agreement.

    2.    <u>Release and Covenant Not To Sue</u>: Plaintiff Guzman hereby irrevocably and unconditionally releases from and forever discharges and covenants not to sue Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers for any and all wage and hour charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, back-wages, benefits, pain and suffering, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, charges, complaints and demands whatsoever including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which Plaintiff Guzman at any time has, had, claims or claimed to have against Defendants their heirs, executors, administrators, agents, successors, and assigns, ever had, may now have or hereafter can, shall or may have, arising under any federal, state or local, wage-hour, or labor laws and/or regulations, or contract from the beginning of time to the date this Agreement is executed by the Parties, relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement including, without limitation all claims under The Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; Article 6 of the New York Labor Law; any amendments to the statutes

referred to herein; sales commissions earned or accrued, whether as an employee or independent contractor; any costs, damages, interest, liquidated damages or attorneys' fees relating to any such alleged violation; alleged unpaid wages, salary, or overtime compensation; employee classification; exempt classification; "at-will" classification;, or any other asserted basis for additional remuneration or other rewards; and any other federal, state or local law relating to employee wages and hours; all claims for payment of income and employment taxes.

Similarly, Defendants release and discharge Plaintiff Guzman from any and all known claims, and liabilities of any kind that they have, had or claimed to have against Plaintiff Guzman relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement.

3. <u>No Admission of Wrongdoing</u>: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

4. <u>Modification of the Agreement</u>: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff Guzman and Defendants.

5. <u>Acknowledgments:</u>  Plaintiff Guzman and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

6. <u>Notices</u>: Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof. Notice hereunder shall be delivered to:

To Plaintiff Guzman:

Michael Faillace, Esq.
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:

Naved Amed, Esq.
Marzano Lawyers PLLC
1120 Ave of the Americas, 4FL
New York, Ny 10036
(212) 655-9561 Office

(212) 981-3720 Fax
office@amslawpllc.com

7. <u>Effective Date</u>: The "Effective Date" of the Settlement Agreement means the day the Court has entered an Order approving the settlement as memorialized by this Agreement.

8. <u>Governing Law</u>: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

9. <u>Enforceability</u>: If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff Guzman agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

10. <u>Release Notification</u>: Defendants advised Plaintiff Guzman to discuss the terms of this Agreement and release of claims with his legal counsel and Plaintiff Guzman acknowledges that he has consulted with Michael Faillace & Associates, P.C., Plaintiff Guzman acknowledges that it is his choice to waive any potential claims in return for the benefits set forth herein and that each of them made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys. Plaintiff Guzman confirms that this Settlement Agreement and Release has been translated to him in Spanish and that he understands the terms of this Agreement and that he is signing this Agreement voluntarily.

11. <u>Counterparts</u>: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

12. <u>Dismissal of The Action</u>: Plaintiff Guzman promises and represents that he will withdraw, with prejudice, any and all outstanding administrative complaints or charges made by him alleging improper payment of wages, filed with federal, state and local agencies/administrative bodies and will also withdraw or discontinue with prejudice all judicial actions made by him concerning improper payment of wages, including without limitation, the Litigation, as well as any and all other lawsuits, claims, counterclaims, demands, appeals or actions concerning improper payment of wages pending against the Defendants; and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers; and will not accept

any money from or file any other currently existing internal or external administrative or judicial complaints, charges, lawsuits, claims, demands, appeals or actions of any kind against Defendants concerning payment of wages to the Plaintiff during his employment by the Defendants and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers. After payment pursuant to this Agreement is received by Plaintiffs' counsel, Plaintiff, through counsel, shall execute a Stipulation of Dismissal with Prejudice and shall file a fully-executed copy of the Stipulation of Dismissal with the Court in this Litigation, within seven (7) days of receipt of the Payment.

Dated: 3/4, 2020

MICHAEL FAILLACE & ASSOCIATES, P.C.

By: _____
Daniel Tannenbaum, Esq.
60 East 42nd Street, Suite 4510
New York, NY 10165
(212) 317-1200

Marzano Lawyers PLLC

By: _____
Naved Amed, Esq.
1120 Ave of the Americas, 4th Floor
New York, NY 10036
t: (212) 537-6816

For the reasons stated in this Court's prior order, Dkt. 25, the proposed settlement is approved as fair and reasonable. The Clerk of Court is respectfully requested to terminate all pending motions and deadlines and close the case.

SO ORDERED:

_____ Date: 03/05/2020
HON. Valerie E. Caproni